Town of Oneida *v.* Pearson Hardwood Flooring Co., Inc.

(*Nashville*, December Term, 1935.)

Opinion filed December 16, 1935.

FOWLER & FOWLER, of Knoxville, for appellant.

JEFFERS & JEFFERS, of Oneida, and JENNINGS & O'NEIL, of Knoxville, for appellee.

MR. JUSTICE COOK delivered the opinion of the Court.

The complainant, town of Oneida, is a municipal corporation created by chapter 211, Private Acts of 1917. The defendant, Pearson Hardwood Flooring Company, is a private corporation whose manufacturing plant was situated inside the corporate limits of the town. By chapter 612, Private Acts of 1935, entitled "An Act to

change the corporate line of the town of Oneida,'' the municipal boundary was changed so as to exclude the defendant's property from the municipal limits. Complainant insists that the act changing the corporate line is void, and that the defendant is not relieved from municipal taxation, and sued praying for a decree under the declaratory judgments law.

It was charged in the bill, first, that the act is void because passed at the instance of defendant without notice and opportunity afforded complainant to resist its passage, and, being amendatory, that it contravenes article 2, section 17 of the Constitution, because there is no recital of either the caption or substance of chapter 211, Private Acts of 1911, and no appropriate reference to section 3322 of the Code which regulates the contraction of municipal boundaries. Second, that because the act excludes defendant's property from the corporate limits and operates to relieve it from municipal taxes, it impairs the obligation of the contract between complainant and the holders of its bonds, and violates the contract clause and other provisions of the State and Federal Constitutions.

The cause was heard before the chancellor upon the bill and demurrer, and the chancellor sustained defendant's demurrer and dismissed the bill. Complainant appealed and assigned errors which are elaborated by briefs of its counsel and by the briefs of counsel who appeared as *amici curiae*.

It is insisted that the decree of the chancellor should be reversed because the act is rendered void by its defective caption, or if not void that this court should enter a decree declaring that the exclusion of defendant's

property by the act changing the corporate line does not relieve defendant from municipal taxation necessary to meet outstanding municipal obligations, because if the act was intended to relieve defendant's excluded property from municipal taxation, it impairs the obligation of the contract between the town and its bondholders, and is void.

■ The act referred to and by which the corporate limits of Oneida were changed does not purport to amend or repeal any former law. Therefore, it is not void because violative of the clause of article 2, section 17 of the Constitution, which requires reference in the title to the law repealed or amended. *Daniels* v. *State,* 155 Tenn., 549, 296 S. W., 20; *Van Dyke* v. *Thompson,* 136 Tenn., 136, 189 S. W., 62; *State* v. *Yardley,* 95 Tenn., 546, 32 S. W., 481, 34 L. R. A., 656.

■ The Legislature, clothed with power to create municipal corporations, may at will alter their boundaries without the consent of the municipality or the inhabitants of its territory. That is a political power which, in the absence of a constitutional restraint, is not open to review or hindrance by the courts. Section 3320 and subsequent sections of the Code of 1932 impose no restraint upon legislative action. Despite those provisions the Legislature may, by special act, extend or contract the corporate limits of a municipality. The power to detach territory from a municipal corporation is analogous to the power of annexing new territory. *Williams* v. *Nashville,* 89 Tenn., 487, 15 S. W., 364; *McCallie* v. *Mayor, etc., of Chattanooga,* 3 Head, 317, 318; 19 R. C. L., p. 732, sec. 38; 43 C. J., p. 109.

█ When by the change of the corporate boundaries of Oneida defendant's property was placed beyond the municipal limits, it was no longer subject to taxation by the town. *Miller* v. *Pineville,* 121 Ky., 211, 89 S. W., 261; *Kies* v. *Lowrey,* 199 U. S., 233, 26 S. Ct., 27, 50 L. Ed., 167; *Laramie County* v. *Albany County,* 92 U. S., 307, 23 L. Ed., 552.

█ The complainant's charter is merely a grant of power from the state and in no sense a contract (*Galloway* v. *Memphis,* 116 Tenn., 736, 748, 94 S. W., 75), and the grant of power to it was attended by the right of the Legislature to subtract from the powers granted or to withdraw them altogether. 6 R. C. L., p. 344, sec. 336. There is not the least pretense upon which a municipality, as between it and the state, or as between it and its inhabitants, may assert the contractual right to impose and collect taxes for any purpose, and no basis for a decree declaratory of complainant's right to tax property after its exclusion by legislative enactment from the municipal boundaries.

A ground for judicial interference might arise in a case of municipal bonds issued upon authority of a statute which also directs levy of a tax to meet the obligation of the bonds. In such case the statute authorizing the issuance of the bonds and directing levy of taxes to meet the obligation might inhere as a part of the subsequent contract between the municipality and those who on faith of the statute contracted for the bonds so that the contract clause of both the Federal and State Constitutions (art. 1, sec. 10 and art. 1, sec. 20) might intervene to prevent any legislative action that would result to impair or to defeat the obligation. That was the holding

in *Von Hoffman* v. *City of Quincy*, 4 Wall., 535, 554, 18 L. Ed., 403. There, after passing an act which authorized the municipality to collect sufficient revenue to meet bonds issued on faith of the statute, the Legislature, by a later act, restricted the power of the municipality to levy taxes to such extent as to practically annul the contract under which the bonds were issued. Of this transaction the court said:

"Where a State has authorized a municipal corporation to contract and to exercise the power of local taxation to the extent necessary to meet its engagements, the power thus given cannot be withdrawn until the contract is satisfied. The State and the corporation, in such cases, are equally bound. The power given becomes a trust which the donor cannot annul, and which the donee is bound to execute; and neither the State nor the corporation can any more impair the obligation of the contract in this way than in any other."

The principle upon which that and like cases rest cannot be extended to this case. No creditor of the town of Oneida is complaining. It does not appear, and it cannot be inferred from statements in the bill, that any contractual obligation of the town of Oneida and its creditors has suffered impairment in any degree. Adequate means are left for a full compliance with the town's obligation. That is shown by statements of the bill which show the assessed value of property within the corporate limits to be $475,000 after exclusion of defendant's property assessed at $21,149. The bonded debt of the town was $64,943. It cannot be concluded from the statements of the bill that the complaining town may not in the exercise of its corporate power levy a

rate of taxation upon its aggregate assessed value sufficient to produce the revenue required to meet all its obligations.

Complainant's bill presents no case for a declaratory decree, and the action of the chancellor in dismissing it is affirmed.