STATE OF TENNESSEE ex rel. CHARLES E. BASTNAGEL, JR.,
et al., Appellants,

*v.*

CITY OF MEMPHIS, Appellee.

457 S.W.2d 532.

(*Jackson*, April Term, 1970.)

Opinion filed July 6, 1970.

LUCIUS E. BURCH, JR., and DAVID E. CAYWOOD, Memphis, for appellants; BURCH, PORTER & JOHNSON, Memphis, of counsel.

JAMES M. MANIRE, JOHN J. THOMASON, and FRIERSON M. GRAVES, JR., Memphis, for appellee.

MR. CHIEF JUSTICE DYER delivered the opinion of the Court.

This is an appeal from the action of the chancellor sustaining a demurrer dismissing the original bill. In this opinion State of Tennessee ex rel. Charles E. Bastnagel, Jr., et al, will be referred to as appellants, and the City of Memphis, a municipal corporation, as appellee, or by name.

On October 28, 1968, pursuant to T.C.A. sec. 6-309, appellee adopted upon final reading Ordinance No. 321, which, inter alia, annexed to the City of Memphis an area referred to as Whitehaven. This ordinance fixed the day the actual annexation would take place as December 31, 1969. On December 15, 1969, pursuant to T.C.A. sec. 6-310, appellants filed their suit in the nature of a quo warranto proceeding alleging the invalidity of the ordinance on the ground "that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory (Whitehaven) and the municipality (City of Memphis) as a whole." Appellee filed a demurrer raising the issue the suit was not filed within thirty days from the date of final passage of the ordinance on October 28, 1968, and was, therefore, barred. The chancellor sustained the demurrer.

The Legislature, by Chapter 113, Public Acts of 1955, provided a statutory method whereby municipal corporations could extend their boundaries by the process of what is termed annexation by ordinance as has been done in this case. These statutes as amended are carried in Tennessee Code Annotated as Sections 6-308 through 6-321. Pertinent parts of T.C.A. sec. 6-309 and sec. 6-310 are as follows:

A municipality when petitioned by a majority of the residents and property owners of the affected territory, or upon its own initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered, after notice and public hearing, by ordinance, may extend its corporate limits by annexation of such territory ad-

joining its existing bondaries as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole, *provided said ordinance shall not become operative until thirty (30) days after final passage thereof.* (Emphasis supplied). T.C.A. sec. 6-309.

Any aggrieved owner of property lying within territory which is the subject of an annexation ordinance *prior to the operative date thereof,* may file a suit in the nature of a quo warranto proceeding in accordance with secs. 6-308—6-320 and Chapter 28 of title 23, to contest the validity thereof on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

Appellants' position is that under T.C.A. sec. 6-310 this suit could be filed at any time prior to the operative date of the ordinance which was fixed by the ordinance as *December 31, 1969.* The gist of this argument is that the "operative" date of the ordinance as this word is used in T.C.A. sec. 6-310 italicized above is the date actual annexation takes place.

Appellants contend the language of T.C.A. sec. 6-309 (italicized above) does not establish a date the ordinance becomes "operative"; that is thirty days after final passage, but instead establishes a date before such ordinance can become "operative."

Appellee's position is that this ordinance became "operative" in the sense this word is used in T.C.A. sec. 6-309 italicized above, thirty days after final passage of

the ordinance on October 20, 1968. That since T.C.A. sec. 6-310 required appellants to file their suit "prior to operative date" of the ordinance, then a suit filed later than thirty days after final passage of the ordinance comes too late.

Under the language of T.C.A. sec. 6-309, italicized above, it is clear the Legislature intended to suspend the operation of the ordinance for thirty days after final passage and under T.C.A. sec. 6-310, any suit filed within this thirty days would be timely filed. The issue here is whether it was the intent of the Legislature by this language in T.C.A. sec. 6-309, to mean that in the event no suit was filed within this thirty days the ordinance would become "operative" in the sense no suit could be filed thereafter under T.C.A. sec. 6-310; or was it the intent of the Legislature in the use of this word "operative" to mean the actual date of annexation even though said date is later than thirty days after final passage of the ordinance.

We have reviewed all our previous opinions construing these statutes and find the exact issue presented here has never been before the Court. It is true in some of our previous opinions language was used which could be construed, at least by analogy, to support appellee's theory, but since the issue presented here was not raised this language is the dictum of the writer. This points up the great difficulty in writing legal opinions. You have to use words and you can never tell in the light of another day and different circumstances just what interpretation may be given to the words chosen.

■ In the construction of a statute to determine its meaning the primary rule is to ascertain and give effect

to the legislative intent as expressed. Its meaning is to be determined not from special words in a single sentence or section, but from the statute taken as a whole and viewing the legislation in light of its general purpose. *Hall v. State*, 124 Tenn. 235, 137 S.W. 500 (1910); *State ex rel. Thomason v. Temple*, 142 Tenn. 466, 220 S.W. 1084 (1919); *Cummings v. Sharp*, 173 Tenn. 637, 122 S.W.2d 423 (1938); *McGill & Daugherty v. Kefauver*, 175 Tenn. 667, 137 S.W.2d 279 (1940); *Woodruff v. Nashville*, 183 Tenn. 483, 192 S.W.2d 1013 (1946).

█ Also pertinent to this decision is the fact the Legislature has plenary power to alter municipal boundaries and absent constitutional restraint, such is not open for review by the courts. The Legislature in enacting Chapter 113, Public Acts of 1955, delegated this power to the municipalities with certain restrictions contained in the statute. *Williams v. Nashville*, 89 Tenn. 487, 15 S.W. 364 (1891); *Town of Oneida v. Pearson Hardwood Flooring Co.*, 169 Tenn. 449, 88 S.W.2d 998 (1935); *Morton v. Johnson City*, 206 Tenn. 411, 333 S.W.2d 924 (1960). The Legislature then could have delegated to the municipalities the authority to annex with no right of judicial review absent constitutional restraint. Appellants by T.C.A. sec. 6-310 were given a right, not a remedy. *Brent v. Town of Greeneville*, 203 Tenn. 60, 309 S.W.2d 121 (1958).

As we have already noted, the Legislature by Chapter 113 enacted a statutory method whereby a municipality on its own initiative could annex adjoining territory when in the opinion of the governing body of the municipality such was needed both for the welfare of the municipality and the territory to be annexed. In the en-

actment of such legislation the bone of contention is obvious. The people of the territory to be annexed would have little or nothing to say about the matter although their welfare would be materially affected. The Legislature no doubt with knowledge of this fact required the municipality prior to the adoption of such ordinance to do three things. First, to adopt a plan of services setting forth at a minimum the identification and projected timing of municipal services proposed for the territory to be annexed. Second, to give public notice of the proposed ordinance by publication in a newspaper of general circulation in the municipality for at least seven days prior to a hearing. Third, to hold a public hearing in regard to the proposed ordinance where citizens of both the municipality and the territory to be annexed could be heard pro and con on the issue of the necessity of the ordinance for the welfare of the residents or citizens of the territory to be annexed and of the municipality as a whole.

After such a hearing where any pertinent issue could be raised, including the personal feelings of any citizen involved, it could be reasonably expected the legislative body of the municipality being a local agency more familiar with local conditions than any other agency, would act in regard to the proposed ordinance in accord with the best interests of the municipality and the territory to be annexed. Even so, the legislative body would be sitting in judgment upon their own proposal and the Legislature, in order to provide as much fairness as this type of legislation will permit, enacted T.C.A. sec. 6-310, wherein redress may be had in the courts. It should be noted the Legislature in T.C.A. sec. 6-310 made the issue upon which the courts are required to make its decisions

essentially the same as that required of the legislative body of the municipality in enactment of the ordinance under T.C.A. sec. 6-309.

■ The general purpose of this legislation was to delegate to the municipalities the authority to annex by ordinance but in so delegating the Legislature has placed certain requirements or restrictions on the municipalities in exercising this authority which, as we have noted, is an obvious attempt to be as fair to the citizens of the area to be annexed as this type of legislation will permit. Further, taking into consideration the fact the Legislature has, by T.C.A. sec. 60-310, given the aggrieved landowners in the territory to be annexed a right of judicial review which they would not otherwise have had upon essentially the same issue by which the municipality was required to act; then viewing this legislation as a whole, we think the language of T.C.A. sec. 6-309 "provided said ordinance shall not become operative until thirty days after final passage" was written into this statute for the sole purpose of giving aggrieved landowners a reasonable time to further pursue their objections in the courts and by this language the Legislature intended the aggrieved landowners to have this thirty days and to limit their time to this thirty days.

This construction is reasonable and causes no injustice or hardship on appellants. This legislation requires public notice of at least seven days and we would presume appellants had timely notice. This legislation requires a public hearing where appellants could or did propound to the legislative body of the City of Memphis their arguments against annexation which would essentially be the same arguments they could later propound to the courts. After these events thirty days would be a

reasonable time to require appellants to give the City of Memphis notice, by filing their suit, that they intended to pursue the matter in the courts.

This legislation required the City of Memphis to adopt, prior to the enactment of the ordinance, a plan of services including identification and time the services could be expected in the territory to be annexed. This would require pre-planning and expenditure of public funds varying in amounts according to the size of the territory to be annexed. To place such construction on the language of this statute that would require the City of Memphis to wait some several months after the final passage of this ordinance to find out if it would be required to defend the ordinance in court could work a hardship or injustice on the City of Memphis.

The judgment of the chancellor is affirmed.

McCANLESS, JUSTICE, and JENKINS and SMITH, SPECIAL JUSTICES, concur.

CRESON, JUSTICE, not participating.