**Dr. Fred PIPER and Mary Ann Vollmer, et al., Plaintiffs/Appellees,**

**v.**

**CITY OF MEMPHIS and Larry L. Haralson, in his official capacity as Treasurer of the City of Memphis, Defendants/Appellants.**

Court of Appeals of Tennessee,
Western Section, at Jackson.

May 18, 1992.

Permission to Appeal Denied
by Supreme Court
Aug. 24, 1992.

Leo Bearman, Jr., Robbin T. Sarrazin, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for defendants/appellants.

Richard L. Winchester, Jr., The Winchester Law Firm, Memphis, for plaintiffs/appellees.

HIGHERS, Judge.

On November 24, 1984, the Memphis City Council enacted an ordinance enabling the city of Memphis to annex certain unincorporated areas of Cordova, Tennessee. The effective date of the annexation under the ordinance was to be December 31, 1984. Residents living in the annexation area challenged the validity of the annexation ordinance in a lawsuit filed in the Chancery Court at Shelby County in December of 1984. The case was eventually appealed to the Tennessee Supreme Court which upheld the validity of the ordinance in a judgment which became final on July 2, 1990.

On August 9, 1990, the Memphis City Treasurer's Office mailed a tax bill to the residents of the annexed area for prorated 1990 city of Memphis taxes. The bill prorated the taxes as of July 4, 1990. The owners of the annexed property filed a class action suit in the Chancery Court at Shelby County alleging that the bill for taxes was not due and not authorized or permitted by the Tennessee law. The Chancery Court heard the case on May 10, 1991, and held that the 1990 tax was impermissible. The city of Memphis has appealed the trial court's judgment.

The Chancellor relied on the Tennessee Supreme Court's decision in *Mayor & Aldermen of Chattanooga v. Raulston,* 117 Tenn. 569, 97 S.W. 456 (1906), in holding that the city of Memphis' prorated tax for the year 1990 was impermissible under Tennessee law. In *Raulston,* the Tennessee Supreme Court found impermissible a municipal property tax levied on property annexed by the city of Chattanooga under an annexation statute which had its effective date after the applicable tax day of the year in which the tax was assessed. The Court reasoned that the status of all real estate for purposes of taxation is fixed as of the tax day of each year "and what ever is taxable of that date has its status fixed for the ensuing year." *Id.* at 457–458. The Court went on to state that

If the property is subject to municipal taxation at that date, it will remain subject to such taxation until the succeeding date for assessment, no matter though it may

be detached from the municipality between those dates; in other words, real estate, to be taxable for municipal purposes, must be within the corporate limits upon the 10th of January, and, if within the corporate limits, it is subject to such taxation, and will remain subject to taxation, and the municipal taxes will be a lien upon it, even though subsequent to that date, and before the next period of assessment, it may be detached from or put outside of such corporation.

*Id.*[1]

We agree with the trial court's conclusion that *Raulston* is controlling on the instant case and accordingly that the tax levied by the city of Memphis on the plaintiff's property for the year 1990 was impermissible. The holding of the *Raulston* seems to clearly indicate that the only property subject to tax by a municipality in a given year is property that is within that municipality's boundaries on tax day of that year. Since the plaintiffs in the instant case timely challenged the city of Memphis' annexation ordinance and since this challenge was not finally resolved until after the tax day in 1990, we hold that the plaintiffs' property was not subject to the city of Memphis' property tax until after January 1 of 1991. Therefore, the city's attempt to collect a prorated tax in July of 1991 was void.

We further find that the defendants' attempt to distinguish the *Raulston* case is unpersuasive. The city first argues that *Raulston* is distinguishable because Chattanooga attempted to change the tax year instead of simply prorating the tax for the year in which the annexation became effective. We fail to see how this distinction in any way affects the Supreme Court's reasoning in *Raulston* that the only property subject to tax in a given year is property that is within the boundaries of the municipality on tax day of that year.

The city also attempts to distinguish *Raulston* on the ground that, in the instant case, the city annexed the plaintiffs' property in a procedure not only different from the one used in *Raulston* but also pursuant to a procedure which was unavailable at the time of the *Raulston* decision. When *Raulston* was decided, annexation could occur only by a legislative enactment. Subsequent to the *Raulston* decision, the Tennessee Legislature enacted statutes which made it possible for municipalities to annex property either by promulgating an ordinance or by referendum. The legislative form of annexation utilized in *Raulston* could not be challenged and was not reviewable by the court. *See Oneida v. Pearson Hardwood Flooring Co.,* 169 Tenn. 449, 88 S.W.2d 998 (1935). The legislature could therefore set the effective date of the annexation on a particular day and know that the property would become part of the municipality on that day without the concern of a challenge to the validity of the annexation. Pursuant to the statute under which the city of Memphis annexed the plaintiffs' property, on the other hand, the annexation ordinance could be challenged by the residents of the annexed area and therefore the annexing authority could not know the effective annexation date because of the possibility of a court challenge to the validity of the annexation ordinance.

The city argues that the *Raulston* decision simply requires the annexing authority to fix the date of annexation at such a time as would bring the annexed property into the municipality before the applicable tax date and since the ordinance annexing the plaintiffs' property set the effective date of annexation on December 31, 1984, the property was within the city territory for the purpose of a municipal tax assessment on January 1, 1990, as required by the *Raulston* decision.

While we agree that the modes of annexation have changed dramatically since the *Raulston* decision, we do not agree with the position taken by the defendant that this change in the annexation law signifies an intention on the part of the legislature to depart from the rule announced in *Raulston,* that the only way a municipal tax may be assessed against a particular piece of annexed property is when the effective date of the annexation is prior to the tax day of the

1. Under the law applicable in *Raulston,* the statutory tax date was January 10 of each year. That law has since been amended with the new tax date being January 1 of each year. *See* 67–5–501 *et seq.*

year in question. None of the statutory provisions which modified the annexation law subsequent to the *Raulston* decision, including the statute authorizing court challenges to annexation ordinances, in any way evidences an intention on the part of the legislature to change the rule announced in *Raulston* with regard to the effective date of annexation and its effect on the availability of a municipal property tax in the year of the annexation. We must presume that when the state legislature enacted the laws modifying the methods of annexation, it was aware of the law as it then existed and had they intended to effectuate a significant change in that law they would have done so in a clear and straightforward manner. *See Plough, Inc. v. Premiere Pneumatics, Inc.*, 660 S.W.2d 495, 498 (Tenn.App.1983). Accordingly, we hold that the *Raulston* decision applies to the instant case and that since the annexation ordinance at issue here did not become effective until the Supreme Court's judgment finding the ordinance valid became final on July 2, 1990, the city's attempt to collect a prorated property tax on the annexed property for the year 1990 was impermissible.

The judgment of the trial court is affirmed. Costs are taxed to the defendants.

TOMLIN, P.J., (W.S.), and FARMER, J., concur.