IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JUNE 20, 2001 Session

## JACK COLEMAN, ET AL. v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**No. 106266-3; The Honorable D. J. Alissandratos, Chancellor**

---

**No. W2000-02865-COA-R3-CV - Filed November 5, 2001**

---

This appeal arises out of a dispute over an annexation ordinance passed by the City of Memphis. The trial court granted summary judgment to Defendants due to its finding that Plaintiffs did not properly file a complaint contesting the annexation ordinance. For the following reasons, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and DAVID R. FARMER, J., joined.

Richard L. Winchester, Jr., Memphis, TN, for Appellants

Allan J. Wade, Lori Hackleman Patterson, Memphis, TN, for Appellee City of Memphis

Gordon B. Olswing, Memphis, TN, for Appellee Town of Arlington, TN

### OPINION

### Facts and Procedural History

The Plaintiffs in this case are citizens who oppose an annexation ordinance adopted by the City of Memphis. The Defendants are the City of Memphis, its mayor, and its city council. The annexation in question began on March 6, 1995, when the city of Arlington approved, on first reading, an ordinance annexing an area south of its city limits. The area which Arlington was attempting to annex encompassed land lying north and south of Highway 64. The City of Memphis considered this land to be within its established reserve area. As a result, Memphis began annexation proceedings on March 21, 1995, by adopting a resolution evidencing its intent to annex an area that Arlington was attempting to annex.

On April 4, 1995, the Memphis City Council ("Council"), held a public hearing on the annexation issue and on a proposed plan of services.   Then, the Council adopted, on first reading, an annexation ordinance called the Bridgewater-Countrywood-Eads Study Area 39 ("annexation ordinance" or the "ordinance").   The Council approved the annexation ordinance on its second reading on April 18, 1995.   The third reading of the ordinance was delayed until August 1, 1995, to allow Arlington and Memphis to try to negotiate an agreement regarding their reserve areas. However, the negotiations did not result in an agreement.

On August 1, 1995, the Memphis City Council unanimously adopted the annexation ordinance on its third reading.   At the Council's next meeting, however, on August 15, 1995, before the minutes of the prior meeting were approved, a council member moved to reconsider the ordinance adopted by the Council on August 1, 1995, and to delay the third reading of the ordinance until September 5, 1995.   The motion to reconsider was seconded by another council member. After some discussion, the Council approved the motion to reconsider and delayed consideration of the ordinance until September 5, 1995.

At the September 5, 1995, council meeting, the mayor of Memphis recommended that the Council delay final reading of the ordinance until he and the mayor of Arlington could try to settle their disputes outside of court.   After discussion and debate regarding the boundaries of the proposed annexation area, the Council voted to delay action on the ordinance until September 19, 1995.

On September 19, 1995, the Memphis City Council considered the annexation ordinance again.   The Annexation Committee had previously considered the ordinance.   As a result, the ordinance that was presented to Council reflected different boundaries for the annexation area than those that were passed on first and second readings.   After debate and input from citizens affected by the proposed annexation, the Council approved the ordinance with the new boundaries.

On August 29, 1995, Plaintiffs filed a Complaint for Declaratory Judgment and in the Nature of a *Quo Warranto* Proceeding.   Plaintiffs attached a copy of the ordinance entitled Bridgewater-Countrywood-Eads Study Area Number 39 to their Complaint.   Defendants submit that, at the time the Complaint was filed, the ordinance that the Plaintiffs attached to their Complaint was not signed or approved by the city.   The Defendants contend that the ordinance was not signed and approved until September 19, 1995.

Plaintiffs filed a Motion for Summary Judgment on June 17, 1999.   The trial court denied Plaintiffs' motion on September 3, 1999.   Defendants filed a Motion for Summary Judgment on August 20, 1999, which the trial court heard on October 6, 2000.   The court granted Defendants' Motion for Summary Judgment, finding that the annexation ordinance had not been finally adopted until September 19, 1995.   Furthermore, the court found that Plaintiffs had failed to file a proper complaint within thirty days of the ordinance's final passage as required by sections 6-51-102(a)(1) and 6-51-103(a)(1)(a) of the Tennessee Code.

Plaintiffs then filed a Motion for Relief from Judgment pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. The trial court denied the Motion. Plaintiffs appeal the judgment of the court below, and raise the following issues, as we perceive them, for our review:

I.      Whether the trial court erred in denying Plaintiffs' Motion for Summary Judgment.
II.     Whether the trial court erred in entering the "Agreed Order."
III.    Whether the trial court erred in granting Defendants' Motion for Summary Judgment.

Additionally, the Defendants raise the following two issues for our review:
I.      Whether the trial court had subject matter jurisdiction to consider Plaintiffs' Complaint.
II.     Whether the annexation ordinance adopted by Defendants is unreasonable as a matter of law.

**Standard of Review**

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, the trial court's judgment is not presumed correct, and our review is *de novo* on the record before this Court. See Warren v. Estate of Kirk, 954 S.W.2d 722, 723 (Tenn. 1997); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

**Law and Analysis**

Initially, we must consider whether the trial court was correct in granting summary judgment to Defendants. As noted above, the annexation ordinance was adopted on three readings: April 4, 1995; April 18, 1995; and August 1, 1995. However, before the Memphis City Council approved the minutes of the August 1, 1995, meeting at which the ordinance was adopted, Councilwoman Vanderschaff moved to reconsider and to delay action on the ordinance until September 5, 1995. After the Council voted to reconsider the ordinance but before final passage of the ordinance, Plaintiffs filed their *Quo Warranto* action on August 29, 1995, pursuant to section 6-51-101 *et seq.* of the Tennessee Code. Plaintiffs challenged the validity and reasonableness of the ordinance attached to their Complaint. The ordinance that Plaintiffs attached to their Complaint was the ordinance that was passed on August 1, 1995. Defendants later moved for summary judgment, which the trial court granted, based upon its finding that the annexation ordinance was finally adopted on September 19, 1995, and that Plaintiffs did not file a complaint contesting the validity of the annexation ordinance within thirty days of final passage as required by sections 6-51-102(a)(1) and 6-51-103(a)(1)(A) of the Tennessee Code.

We must now determine whether the trial court was correct in its finding that the annexation ordinance was finally adopted on September 19, 1995, and that Plaintiffs failed to file a complaint contesting this ordinance within the required thirty day window after passage. As noted above,

Council Member Vanderschaff moved, on August 15, 1995, to reconsider and delay action on the annexation ordinance until September 5, 1995. We note that the Memphis' City Council's Rules of Procedure provide that:

> Any matter which has appeared on the agenda and has been acted upon by either a majority vote for approval or rejection, may be brought before the Council for reconsideration upon proper motion of a Council Member and seconding motion by another Council Member.
>
> The only requirements for this action are:
>
> 1.    The Member making the motion for reconsideration must have voted on the prevailing side of the initial vote.
>
> 2.    Such motion for reconsideration must be made prior to approval of the Minutes in which the first vote was cast.

MEMPHIS CITY COUNCIL RULES OF P. 39. In accordance with the aforementioned rule, Councilwoman Vanderschaff was a member who had voted on the prevailing side of the initial vote, and the motion for reconsideration was made prior to approval of the minutes. Additionally, the motion was properly seconded. Therefore, we find that the Council acted properly in moving to reconsider the annexation ordinance.

Now, we turn to the question of whether Plaintiffs properly filed their complaint contesting the annexation ordinance. Section 6-51-101 *et seq.* of the Tennessee Code governs annexation. Section 6-51-102 of the Tennessee Code allows a municipality to annex territory adjoining its corporate boundaries upon its own initiative. See TENN. CODE ANN. § 6-51-102 (1998). An annexation ordinance does not become operative until thirty days after final passage. See id. Section 6-51-103 of the Tennessee Code sets out the procedure for citizens to file suit to contest an annexation ordinance. The statute states that:

> **Any aggrieved owner of property** which borders or lies within territory **which is the subject of an annexation ordinance** prior to the operative date thereof, may file a suit in the nature of a quo warranto proceeding in accordance with this part, § 6-51-301 and title 29, chapter 35 **to contest the validity thereof** on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners of the affected territory and the municipality as a whole and so constitutes an exercise of power not conferred by law.

TENN. CODE ANN. § 6-51-103 (1998) (emphasis added). Our supreme court has stated that "[w]ithin the four corners of that statute lies the entire jurisdiction and authority of the Courts to review the actions of municipalities in enacting annexation ordinances." City of Oak Ridge v. Roane County, 563 S.W.2d 895, 897 (Tenn. 1978). In reading section 6-51-103 of the Tennessee Code, we find that there must be an annexation ordinance that is final before it can be determined whether a plaintiff is an "aggrieved owner of property." In the instant case, Plaintiffs filed suit on August 29, 1995. At this point, there was no final annexation ordinance. Councilwoman Vanderschaff had properly moved to reconsider the ordinance, and the ordinance was not finally adopted until September 19, 1995. In fact, the ordinance that was finally adopted on September 19, 1995, was substantially different from the ordinance that was attached to Plaintiffs' Complaint, as the final ordinance deleted the Bridgewater community from the annexation area. Therefore, it is apparent that when Plaintiffs filed their suit on August 29, 1995, they were not "aggrieved property owners," as the ordinance was still being debated and amended throughout the city's legislative process.

We note the case of Bastnagel v. City of Memphis, 457 S.W.2d 532 (Tenn. 1970). In Bastnagel, the court discussed section 6-51-101 *et seq.* of the Tennessee Code. The court stated that "it is clear the Legislature intended to suspend the operation of the ordinance for thirty days after final passage and under [T.C.A. 6-51-103] **any suit filed within this thirty days would be timely filed**." Id. at 533 (emphasis added).

In the instant case, Plaintiffs filed their suit on August 29, 1995, before the Memphis City Council finally passed the annexation ordinance in question on September 19, 1995. Due to the aforementioned statutes and Bastnagel, we agree with the trial court that Plaintiffs did not file a complaint contesting the validity of the annexation ordinance as finally adopted within thirty days after final passage of the ordinance, which was September 19, 1995. We note that "[t]he right to bring a suit pursuant to the authority of [T.C.A. 6-51-103] to review any issue arising out of the adoption of an annexation ordinance . . . expires thirty days after the operative date of the ordinance, the courts have no jurisdiction of such suits thereafter." City of Oak Ridge, 563 S.W.2d at 897. Since Plaintiffs did not amend their complaint or file a new *quo warranto* action within thirty days after the ordinance's final passage, the court had no jurisdiction to hear Plaintiffs' claim. Therefore, we uphold the trial court's grant of summary judgment to Defendants. Due to our holding that Plaintiffs did not properly file a complaint contesting the annexation, all other issues are pretermitted.

**Conclusion**

Accordingly, for the aforementioned reasons, we affirm the judgment of the trial court. Costs on appeal are taxed to Plaintiffs-Appellants, Jack W. Coleman, Mark Siegel, Dr. Sue Dear, Leslie M. Stratton, III, Paul Dixon, John McCormick, J. Hay Brown, Rebecca Moser, Milton Brock and Richard L. Pummill, and their sureties, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE