IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 13, 2007 Session

## JAMES E. BLOUNT, III, ET AL. v. CITY OF MEMPHIS, ET AL.

**Direct Appeal from the Chancery Court for Shelby County**
**Nos. 110242-3, 110243-1 and 110244-3    D.J. Alissandratos, Chancellor**

_____

**No. W2006-01191-COA-R3-CV - Filed April 13, 2007**

_____

This dispute concerns annexation of property known as the Southwind area by the City of Memphis. The trial court denied Appellant's motion to intervene in Plaintiffs' *quo warranto* action challenging Memphis' annexation ordinance, and entered a consent order agreed to by the parties following settlement negotiations.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Edward M. Bearman, Memphis, Tennessee, for the appellant, Windyke Country Club.

Jonathan C. Hancock and Ross E. Webster, Memphis, Tennessee, and Sara Hall, City Attorney, for the City of Memphis.

Richard L. Winchester, Jr., for the appellees, Robert E. Teutsch, Roslyn M. Teutsch, Frank G. Witherspoon, Martha C. Witherspoon, et al.

## OPINION

Defendant/Appellee the city of Memphis ("Memphis") passed an ordinance annexing an area known as Southwind on November 4, 1997.  Within thirty days, named Plaintiff James E. Blount, III and other property owners ("Plaintiffs") filed *quo warranto* actions in chancery court opposing the annexation. These actions ("the original action") were consolidated pursuant to Tennessee Code Annotated § 6-51-103(d).  In January 2006, Plaintiffs and Memphis entered into negotiations that culminated in a consent judgment entered by the trial court on May 10, 2006, and amended on June 6, 2006.

Windyke Country Club, Inc. ("Windyke"), Appellant here, owns commercial property, including a golf course, located within the annexation area. Windyke did not file a *quo warranto* action prior to the thirty-day limitations period prescribed at Tennessee Code Annotated §§ 6-51-102 & 103. On May 10, 2006, however, Windyke filed motions to stay judgment and to intervene in the original action pursuant to Rule 24 of the Tennessee Rules of Civil Procedure. In its motion to intervene, Windyke sought intervention as of right pursuant to Rule 24.01 or, in the alternative, permissive intervention under Rule 24.02. Windyke asserted it was a property owner within the Southwind annexation area; that its rights and interests were affected by the proposed annexation; that it relied on representations of the named Plaintiffs and counsel that the annexation was being contested on grounds applicable to all affected property owners; and that its interests in fact were not adequately represented by the existing parties. Windyke asserted the consent order proposed by the parties violated the municipal boundaries clause of the Tennessee Constitution; violated equal protection and due process; violated Tennessee Code Annotated § 6-51-103(c) and (d); improperly modified the annexation ordinance without passage of an ordinance of equal dignity; and violated the open meetings law. Windyke also included an exhibit demonstrating that in April 1998 it had retained Lee Piovarcy (Mr. Piovarcy), an attorney representing one of the named Plaintiffs, to represent Windyke's interests in the annexation matter. Windyke paid Mr. Piovarcy a retainer fee of $5,000.

The trial court denied Windyke's motions. The trial court also denied a motion for stay of final judgment filed by Windyke and, apparently, several entities not party to this appeal.[1] Final judgment was entered in the matter on June 8, 2006. Windyke filed a timely notice of appeal to this Court.

### *Issues Presented*

Windyke presents the following issues for our review:

(1)     Is Windyke's motion to intervene barred by the limitations period expressed in the statutory scheme governing challenging of annexation ordinances via *quo warranto* proceedings?

(2)     Did the chancellor below err in denying appellant's motion to intervene in the proceedings?

(3)     Did the chancellor below err in denying appellant's motion for stay of final judgment?

---

[1]The trial court's order is styled:

Order Denying Motion for Stay of Final Judgment [Filed by Petitioning Intervening Property Owners Mid-America Apartments, L.P.; Belz Investco, G.P.; MRB-Windyke, L.P.; Windyke Park Associates, L.P.; and Windyke County Club, Inc.]

*Analysis*

The dispositive issue presented for our review in this case, as we perceive it, is whether the trial court erred by denying Windyke's motion to intervene. Rule 24 of the Tennessee Rules of Civil Procedure provides for two types of intervention: intervention as of right and permissive intervention. The Rule provides:

> **24.01. Intervention as of Right**
> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties; or (3) by stipulation of all the parties.

> **24.02. Permissive Intervention**
> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising discretion the court shall consider whether or not the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

A petitioner who files a motion to intervene as of right under Rule 24.01 bears the burden of establishing that "(1) the application for intervention was timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the pending litigation; (3) the proposed intervenor's ability to protect that interest is impaired; and (4) the parties to the underlying suit cannot adequately represent the intervenor's interests." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 190-91 (Tenn. 2000)(citations omitted). If the potential intervenor fails to carry his burden of establishing all four elements, his motion to intervene will be denied. *Id.* at 191. On appeal, our standard of review of the trial court's denial of a motion to intervene as of right is *de novo*, except for the timeliness of the motion, which we review under an abuse of discretion standard. *Id.*

A party seeking permissive intervention under Rule 24.02 must demonstrate that a common question of law or fact exists between his claim and the original action. *Id.*; Tenn. R. Civ. P. 24.02. Generally, permissive intervention is not appropriate when the intervenor seeks to raise new claims or issues against the existing parties. *Id.* (citations omitted). Our standard of review on appeal of the trial court's denial of permissive intervention is abuse of discretion. *Id.* The trial court abuses its discretion when its decision has no basis in law or in fact and is, therefore, arbitrary, illogical, or unconscionable. *Id.* (citations omitted).

In this case, the trial court made no findings in its orders denying Windyke's motions. In its brief to this Court, Windyke observes in the argument section pertaining to this issue:

> It is not clear from the record what the exact legal basis was for the Chancellor's denial of Windyke's motion. However, since the other qualifications for intervention are reviewed *de novo*, and were clearly satisfied, it is presumed for the purposes of this appeal that the Chancellor denied the motion as "untimely."

We agree with this observation insofar as it presumes that the trial court denied Windyke's motion as untimely. We disagree with Windyke, however, that the trial court abused its discretion it denying Windyke's motion to intervene in this matter.

We are not insensitive to Windyke's assertion that it believed its interests were being represented in this matter by Mr. Piovarcy, to whom it had paid a retainer fee. Whether Mr. Piovarcy fulfilled his obligation to Windyke, however, is not the issue before us in the current litigation. The issue before this Court is whether the trial court abused its discretion when it denied Windyke's motion to intervene in litigation that had been commenced some eight years earlier where Windyke clearly had not commenced a *quo warranto* action to challenge the annexation ordinance within thirty days of passage as required by Tennessee Code Annotated §§ 6-51-102(a)(1) and 103.

Under the facts of this case, Windyke's motion to intervene, insofar as it seeks to protect its interests with respect to the annexation of its property by Memphis, merely works an end-run around the statute of limitations. As Memphis points out, Windyke's right to challenge the annexation ordinance pursuant to a *quo warranto* action terminated thirty days following final passage of the annexation ordinance.[2] *See Highwoods v. Memphis*, No. W2006-00732-COA-R3-CV, 2006 WL 3628102, at *7 (Tenn. Ct. App. Dec. 14, 2006)(*no perm. app. filed*)(citing *Bastnagel v. Memphis*, 457 S.W.2d 532, 535 (Tenn. 1970)). Although a motion to intervene arguably may be granted in some instances beyond the thirty-day limitations period, a motion to intervene is not timely where the party seeking intervention seeks to assert interests properly addressed in a *quo warranto* action. Thus, even assuming Windyke had an interest in the litigation, we cannot say the trial court abused its discretion in denying a motion to intervene on the basis of timeliness where the motion was filed

_____

[2]We note an apparent statutory contradiction presented by Tennessee Code Annotated § 6-58-108, which provides:

> If the county or any other aggrieved owner of property does not contest the annexation ordinance under § 6-51-103 within ninety (90) days of final passage of the annexation ordinance, the ordinance shall become operative ninety (90) days after final passage thereof.

Tennessee Code Annotated § 6-58-108(b)(4)(2005). As we noted in *Highwoods v. Memphis*, No. W2006-00732-COA-R3-CV, 2006 WL 3628102 (Tenn. Ct. App. Dec. 14, 2006) (*no perm. app. filed*) and *Trivett v McMinnville*, No. M2003-02623-COA-R3-CV, 2005 WL 147762 (Tenn. Ct. App. Jan. 24, 2005) (*no perm. app. filed*), section 6-51-103 and section 6-58-108 are "dueling" sections. In the present case, however, it is undisputed that Windyke commenced no action within either thirty or ninety days.

on the day the parties' consent order was scheduled to be filed and eight years after the commencement of litigation.

We next turn to whether the trial court erred in denying Windyke's motion to intervene with respect to whether the consent order improperly modified the annexation ordinance without passage of an ordinance of equal dignity and/or violated the open meetings law. Windyke's argument, as we understand it, is that the consent order effectively rewrites the annexation ordinance. As a result, the final, modified annexation ordinance was constructed in violation of the open meetings act and is not one of equal dignity. The question raised by this argument, as we perceive it, is whether the "rewriting" of the annexation ordinance creates a new ordinance in violation of the annexation procedures established by the legislature.

Although an action challenging the reasonableness of an annexation ordinance must be brought pursuant to section 6-51-102, an action challenging the validity of an ordinance alleged to be void may be brought outside the *quo warranto* procedures. *State ex rel. Earhart v. City of Bristol*, 970 S.W.2d 948, 954 (Tenn.1998). The *Earhart* court held that a declaratory judgment action may be maintained to challenge "the validity of an annexation ordinance alleged to exceed the authority delegated by the legislature[.]" *Id.* Thus, we turn to whether the trial court erred by denying Windyke's motion to intervene insofar as Windyke sought to challenge the consent order based on the open meetings act.

As noted above, in order to demonstrate that it was entitled to intervention as a matter of right, Windyke was required to demonstrate a substantial legal interest in the litigation and that it was "so situated that the disposition of the action may as a practical matter impair or impede . . . . . [its] ability to protect that interest." Tenn. R. Civ. P. 24.01(2). In this case, however, Windyke's status remained unchanged by the consent agreement which it asserts is invalid. Windyke lost its legal right to challenge annexation of its property on the grounds of reasonableness thirty days after passage of the annexation ordinance when it did not file a *quo warranto* proceeding. Accordingly, any modification of the annexation ordinance by the consent order did not affect Windyke's legal interest with respect to the original annexation ordinance. Under either version of the ordinance, Windyke falls within the annexation area. Moreover, assuming standing, the order does not preclude, impair or impede Windyke's ability to litigate its claim that the "new" or "modified" ordinance is invalid in a declaratory judgment action. *See State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 192 (Tenn. 2000) (holding intervention not appropriate where, assuming petitioner's legal interest in the lawsuit, an alternate legal forum existed for the litigation of petitioner's claims and petitioner's ability to protect its interest was not impeded by denial of intervention).

Additionally, we find no abuse of discretion in the trial court's denial of Windyke's motion to intervene regarding this issue with respect to permissive intervention under Tenn. R. Civ. P. 24.02. As noted above, a trial court generally does not abuse its discretion when it denies permissive intervention where the petitioner seeks to raise new claims or issues against the existing

parties. *Id.* at 191. Clearly, Windyke sought to raise new issues that were not addressed by the parties to the original action and for which an alternate legal forum was available.

### Holding

In light of the foregoing, the judgment of the trial court is affirmed. Our disposition of this issue makes it unnecessary for us to address Windyke's remaining issues. Costs of this appeal are taxed to Appellant Windyke Country Club, and its surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE