IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 10, 2007 Session

## CITY OF KNOXVILLE v. KNOX COUNTY, TENNESSEE

Appeal from the Chancery Court for Davidson County
No. 04-3039-I     Claudia Bonnyman, Chancellor

No. M2006-00916-COA-R3-CV - Filed February 20, 2008

PATRICIA J. COTTRELL, P.J., M.S., concurring.

The question in this appeal is which statutory local option sales tax distribution system is to be applied. We have essentially concluded that the appropriate statute is the one in effect when the distribution is to be made. I concur totally with the majority opinion and write separately simply to emphasize the context in which this decision is made and the consistency of the logic of the opinion with the practicalities of that context.

Until an annexation becomes effective, a city is not entitled to collect property taxes from the area sought to be annexed. *Piper v. City of Memphis*, 861 S.W.2d 832, 834 (Tenn. Ct. App. 1991). Neither is it entitled to the local option sales taxes generated by businesses located in the area sought to be annexed. Tenn. Code Ann. § 6-51-115(a). Consequently, during the pendency of a *quo warranto* action challenging the annexation, the city does not receive those local option sales taxes or any part thereof.

Once the annexation herein became effective, the Tennessee Department of Revenue was charged with distributing, between the city and the county, those local option sales tax proceeds collected in the annexed area. The Department made the distribution in compliance with the statute in effect at the time the annexation became effective, which was the first time the city was entitled to receive any of those taxes and, therefore, the first time a distribution was authorized. Tennessee Code Annotated § 6-51-115(a)(2), (b)(12) provides that the "effective date of the annexation" is the "effective date for the purpose of tax administration."

If the Department or the courts were to determine that the Department must apply the distribution statute that was in effect at the time the annexation ordinance was passed, the city could claim entitlement to the taxes collected during the pendency of the *quo warranto* action. Those tax revenues have already been paid to the county because the city had no entitlement to any of the taxes until the annexation was effective. The county, not the city, provided services to the disputed area during that time.

While the annexation in this case was being litigated, the General Assembly in 1998 changed the local option sales tax distribution system to provide an affected county a minimum level of sales

tax revenue from the annexed area continuing for fifteen years. This distribution is to take place beginning with "the effective date of the annexation." Because the city was not entitled to receive any sales tax revenue from the area until its annexation became effective, it had no vested interest or expectation in the distribution system in effect at the time it began its attempt at annexation. To the contrary, the legislature could have abolished the local option sales tax entirely.

 

 

_____
PATRICIA J. COTTRELL, JUDGE