SCHULTE ET AL., APPELLANTS, *v.* FLICK, AUD., ET AL., APPELLEES.

(No. 7353—Decided January 22, 1951.)

*Mr. Byram E. Moore,* for appellants.

*Mr. Henry M. Bruestle,* city solicitor, and *Mr. Wallace M. Power,* for appellees.

*Per Curiam.* This is an appeal on questions of law in an action instituted under favor of Section 3553, General Code, to enjoin the annexation of certain contiguous territory to the city of Cincinnati. The trial court refused the injunction.

By Section 3548, General Code, it is required that the petition for annexation must be signed by a majority of the adult freeholders residing in the territory sought to be annexed.

In this case, it is not disputed that, at the time the amended petition was filed, the signers thereto constituted such majority.

Subsequent to the filing of the amended petition and prior to the hearing before the county commissioners, those opposed to the annexation and constituting a minority of the adult freeholders shifted their titles to the real estate so that at the time of the hearing they had become the majority of the adult resident freeholders.

The qualification of the petitioners has not changed.

The sole substantial question presented by this appeal is whether the shifting of the titles of those opposed to the annexation, during the pendency of the proceeding, required a denial of the petition by the county commissioners.

By Section 3549, General Code, it is provided that the duties of the county commissioners, so far as applicable, shall be the same as are required in the case of an application to be incorporated as a village.

Turning then to Section 3522, General Code, which defines the duties of county commissioners on the hearing of an application to incorporate as a village, we find that, so far as the petitioners are concerned, the only finding required for incorporation is "that the persons whose names are subscribed to the petition are electors residing in the territory."

Under this provision, the most that is required on a petition for annexation is a finding that the petition was signed by the requisite number, that is, a majority. The majority at the time was subscribed as required to initiate the proceeding. Any subsequent change would be important only in the determination of the county commissioners as to whether it would be "right that the prayer of the petition be granted."

For these reasons, the judgment is affirmed.

*Judgment affirmed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.