The **TOWN OF BARTLETT**, a Municipal Corporation, Appellee,

v.

The **CITY OF MEMPHIS, BY AND THROUGH Its Mayor, Henry LOEB, et al.,** Appellants.

Court of Appeals of Tennessee, Western Section.

March 2, 1972.

Certiorari Denied by Supreme Court June 5, 1972.

Frierson M. Graves and John J. Thomason, Memphis, for appellants; Thomason, Crawford & Hendrix, Memphis, of counsel.

James W. Watson, Memphis, for appellee.

MATHERNE, Judge.

The City of Memphis appeals from a decree of the Chancellor which upheld an annexation proceeding by the Town of Bartlett of a certain area in Shelby County known as Elmore Park, and denied the City of Memphis the right to annex that area. The single question presented is whether the City of Memphis can legally annex the territory known as Elmore Park.

It is admitted by all parties that the Town of Bartlett did by ordinance complete the annexation of the Elmore Park area. The ordinance of annexation being No. 70–2 of that municipality which passed third and final reading on April 21, 1970, with an effective date 30 days after final passage.

The City of Memphis insists that it initiated annexation by ordinance procedures in February, 1970 when its planning commission submitted to its city council a plan of annexation which recommended the annexation of the Elmore Park area. The City further insists if that action not be deemed the initiation of annexation proceedings, then it did so initiate such proceedings when its city council passed a

Resolution on May 12, 1970 "to determine if it is possible and proper for the City of Memphis to annex on December 31, 1975" an area including Elmore Park. That resolution called for a public hearing on June 19, 1970. A notice for the public hearing was published on May 30, 1970. At the June 19, 1970 public hearing before the city council, that body was advised by the attorney for the Town of Bartlett that the City of Memphis could not annex the Elmore Park area because that area did not adjoin the existing boundaries of the City of Memphis, and the Town of Bartlett had already annexed the area.

The public hearing was thereupon recessed until July 7, 1970, and on that date recessed again to July 14, 1970, at which latter date the city council of the City of Memphis passed Ordinance No. 765, which amended Ordinance No. 325, the latter ordinance having been passed in 1968 and which annexed an area known as the Raleigh area, effective December 31, 1972. The amendment, Ordinance No. 765, added Elmore Park to the area known as the Raleigh area, and made the effective date December 31, 1972. This amendment was obviously enacted because the parties admit Elmore Park did not adjoin the boundaries of the City of Memphis, but it did adjoin the boundaries of the Raleigh area which would become a part of the City of Memphis on December 31, 1972. Ordinance No. 765 passed final reading on August 11, 1970; the present lawsuit was filed by the Town of Bartlett on September 1, 1970, well within 30 days after final passage of Ordinance No. 765.

The Town of Bartlett filed for a declaratory judgment that it had lawfully annexed Elmore Park, and that the attempts by the City of Memphis to annex that area be declared null and void. The Chancellor's decree held:

(1) Ordinance 70–2 passed by the Town of Bartlett is valid and effective pursuant to the annexation law prescribed for municipalities.

(2) That T.C.A. § 6–317 is inapplicable because the City of Memphis did not initiate annexation proceedings prior to the effective date of Ordinance No. 70–2 of the Town of Bartlett.

(3) That Ordinance No. 765 of the City of Memphis is void insofar as it attempts to annex territory encompassed in the area described in Ordinance 70–2 of the Town of Bartlett.

The City of Memphis relies upon its priority to annex as given by T.C.A. § 6–317, which provides in part:

"6–317. *Priority of larger municipalities in annexation.*—* * * If two (2) municipalities shall initiate annexation proceedings with respect to the same territory, the proceedings of the municipality having the larger population shall have precedence and the smaller municipality's proceedings shall be held in abeyance pending the outcome of the proceedings of such larger municipality. * *"

It is admitted that Memphis is the larger municipality. Most of the brief and argument presented to this Court deals with the legislative intent by the enactment of Chapter 113, Public Acts of 1955, T.C.A. §§ 6–308 et seq., and with the interpretation given by the Chancellor to the words "shall initiate annexation proceedings" as used in the above quotation. We do not deem those questions as decisive, because as we view the facts the City of Memphis could not legally initiate proceedings to annex Elmore Park.

T.C.A. § 6–317 merely designates the priority of annexation; that statute does not provide a different method of procedure, nor does it define differently the areas which may be annexed by the preferred municipality. All those matters are governed by T.C.A. § 6–309, which Section provides in part:

"6–309. *Annexation by ordinance.*—A municipality when petitioned by a majority of the residents and property owners of the affected territory, or upon its own

initiative when it appears that the prosperity of such municipality and territory will be materially retarded and the safety and welfare of the inhabitants and property thereof endangered, after notice and public hearing, by ordinance, may extend its corporate limits by annexation of such territory *adjoining its existing boundaries* as may be deemed necessary for the welfare of the residents and property owners of the affected territory as well as the municipality as a whole, provided said ordinance shall not become operative until thirty (30) days after final passage thereof. * * * " (Emphasis added).

By the enactment of T.C.A. § 6–309 the Legislature delegated to the municipalities of Tennessee the power to extend municipal boundaries by ordinance. Chapter 113 of the Public Acts of 1955, as amended, has been held constitutional, and an ordinance enacted under its provisions is valid if the ordinance and procedures of annexation followed meet the requirements of that Act. Witt v. McCanless (1956) 200 Tenn. 360, 292 S.W.2d 392; State ex rel. Stall v. Knoxville (1962) 211 Tenn. 271, 364 S.W.2d 898; State ex rel. Bastnagel v. City of Memphis (1970) 224 Tenn. 514, 457 S.W.2d 532.

In the case at bar the City of Memphis has no right or authority to annex Elmore Park by ordinance, because that territory did not at the time of the procedures being reviewed, nor does it to this day, adjoin the existing boundaries of the City of Memphis. Any plans adopted by the City of Memphis, any notice given and hearings held under the annexation statutes, and any ordinance thus passed would be null and void insofar as constituting a procedure to annex that area.

The city council of the City of Memphis cannot circumvent the clear legislative mandate by its attempted amendment of a previously passed ordinance. If such an amendment were otherwise legal, it cannot stand in the present case because the Raleigh area does not become a part of the City of Memphis until December 31, 1972. The issue here is not a question of priorities, or of legislative intent; this lawsuit reflects an illegal attempt by the City of Memphis to annex by ordinance an area that does not adjoin its existing boundaries.

It results the Assignment of Error is overruled. A decree may be entered in this Court that Ordinance No. 70–2 passed by the Town of Bartlett is valid and effective pursuant to the annexation law prescribed for municipalities; and, that Ordinance No. 765 of the City of Memphis is void insofar as it attempts to annex territory which does not adjoin the existing boundaries of that municipality. All costs in the Chancery Court and in this Court are adjudged against the City of Memphis.

CARNEY, P. J., and NEARN, J., concur.