321 So.2d 620 (1975)
Donald D. MacKINLAY et al., Appellants,
v.
CITY OF STUART, a Florida Corporation, Appellee.
No. 74-435.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
*621 Burton C. Smith, Jr., of Jones, Paine & Foster, P.A., West Palm Beach, for appellants.
W.R. Scott, of Scott & Tilton, P.A., Stuart, for appellee.
DOWNEY, Judge.
Appellants, as plaintiffs in the trial court, filed suit for declaratory relief against the appellee, City of Stuart, to determine their rights and status under seven *622 annexation ordinances passed by appellee (numbers 535, 536, 538, 539, 540, 541 and 542).
It appears from the record that the owners of several parcels of property in the unincorporated area of Martin County filed seven petitions with the appellee city over the period December 31, 1970, to July 25, 1972, requesting annexation. On September 25, 1972, the appellee commenced passing the above cited ordinances to accomplish the requested annexation. Between the time the petitions seeking annexation were filed and September 25, 1972, the petitioners conveyed the land involved to various persons, including the appellants.
The record also shows that after the annexation ordinances became final the appellee city issued revenue bonds to substantially increase the size of its water and sewer facilities in order to accommodate the sharp increase in population anticipated from the planned construction in the newly annexed area. The appellee also increased its capacity to furnish other municipal services such as police protection, garbage collection, and building inspection. Finally, the transition from county taxing rolls to city rolls resulted in changes in the appellee's millage and budgets.
In October 1973, appellants filed a declaratory judgment suit, which appellants' brief describes in the following way:
"The allegations of the complaint essentially group the Plaintiffs into [two] categories; first, [certain of the named plaintiffs] sought a declaration of their rights and a voiding of Ordinance numbers 535, 536, 538, 539, 540, 541 and 542 of Defendant, City of Stuart, on the grounds that their property, in the unincorporated areas of Martin County, was, as a result of those certain Ordinances, completely surrounded by the incorporated areas of the City of Stuart.
"[the remainder of the named plaintiffs] prayed for a declaration of their rights and a voiding of the same Ordinances of the Defendant, City of Stuart, on the grounds that their property, formerly a part of the unincorporated areas of Martin County, was, as a result of said Ordinances, allegedly incorporated without their consent into the City of Stuart."
Trial of the case resulted in a final judgment for the appellee.
Appellants' contentions here are that the circuit court should have declared the seven ordinances invalid because: (a) certain of the ordinances lacked contiguity because their adoption resulted in creating islands or enclaves of unincorporated areas owned by some of the appellants; (b) appellee failed to file copies of the ordinances with the Secretary of State within the time set forth in § 171.16(3), F.S. 1971; (c) appellants did not petition to have the land annexed or consent to the annexation; (d) none of the land involved in any of the ordinances under attack physically abutted (or was contiguous to) the appellee city at the time any ordinance became effective.
The following rules of law contradict several of the positions taken by appellants and demonstrate them to be without merit:
(1) Annexation ordinances are not invalid for lack of contiguity if their adoption results in the creation of islands or enclaves of unincorporated territory within the adopting municipality. See cases cited at 2 McQuillan, Municipal Corporations, § 7.20, pg. 365, note 2, (3d Ed. 1966).
(2) Annexation ordinances are not invalid if there is a delay in filing those ordinances with the Secretary of State. Ford v. Incorporated Town of North Des Moines, 80 Iowa 626, 45 N.W. 1031, 1034 (1890).
(3) Annexation ordinances may be enacted validly even though the original petitioners for annexation have transferred *623 the land to persons who have not so petitioned. See State ex rel. DeConcini v. City of Phoenix, 74 Ariz. 46, 243 P.2d 766, 769 (1952); Schulte v. Flick, 89 Ohio App. 252, 101 N.E.2d 301 (1951).
Appellants' most compelling argument is that the time sequence in which the city adopted various annexation ordinances, including those under attack, renders vulnerable the seven ordinances involved in this case.
On September 25, 1972, the seven ordinances in question (Nos. 535, 536, 538, 539, 540, 541 and 542) were passed on first reading. All seven were also passed on second reading on October 9, 1972, and became effective November 9, 1972.
Prior to the first reading of the foregoing ordinances the appellee had begun annexation (by first reading of Ordinance 521 on August 28, 1972, and of Ordinances 528 and 529 on September 11, 1972) of certain parcels of land which lay between the land involved in the seven ordinances under attack and the boundaries of the appellee city as those boundaries existed on September 25, 1972. It is undisputed that the earliest relevant ordinance (No. 521) involves the only land abutting the appellees' boundaries. That ordinance did not become final until after September 25, 1972. Since a parcel of land which is the subject of an annexation ordinance does not become part of the municipal corporation adopting the ordinance until such time as the ordinance becomes final, the land involved in Ordinance 521 was not part of the appellee city when the seven ordinances in question had their first reading. Thus, none of the land involved in the seven ordinances in question was contiguous to the city at the time those ordinances had their first reading. See McDowell and Craig v. City of Santa Fe Springs, 54 Cal.2d 33, 4 Cal. Rptr. 176, 178, 351 P.2d 344, 346 (1960); Tn. of Bartlett v. City of Memphis, by & Through Loeb, Tenn. App., 1972, 482 S.W.2d 782; City of Arlington v. City of Grand Prairie, Tex. Civ.App. 1970, 451 S.W.2d 284. Section 171.16, F.S. 1972, the statute pursuant to which the ordinances in question were adopted, made contiguity a requirement for annexation. Moreover, contiguity appears to be a requirement even without that statute. See McQuillan, supra, § 7.20, and Anno. at 49 A.L.R.3d 589. Since the lands involved in Ordinances 535, 536, 538, 539, 540, 541 and 542 were not contiguous to the appellee city on September 25, 1972, the trial court erred in finding that the ordinances had been enacted properly. However, that does not end the inquiry since the trial court also found that the appellants were estopped from questioning the validity of the ordinances. The doctrine of estoppel is applicable in cases such as this. See State ex rel. Landis v. City of Coral Gables, 120 Fla. 492, 163 So. 308, 101 A.L.R. 578 (1935); City of Winter Haven v. State ex rel. Landis, 125 Fla. 392, 170 So. 100, 105 (1936); McQuillan, supra, § 7.42.
In orally stating the reasons for denying the appellants the relief they sought, the trial court, among other things, stated:
"... there is an affirmative defense of an estoppel by inaction for a period of one year, at least over one year and it is apparent that most of this annexation took place over a year before this lawsuit was brought. There is no showing of any good reason why the one year's delay at which time the City itself and the County have readjusted to the annexation... . There is no showing of why there was a year's delay. There is showing in my opinion that, that the city and County have made changes, have expended money, have made plans, have committed themselves in various ways. It would be inequitable to reverse the process at this late date."
The foregoing statement is supported by substantial, competent evidence. We therefore *624 affirm the circuit court judgment denying appellants' request that ordinances 535, 536, 538, 539, 540, 541 and 542 be declared invalid.
Affirmed.
CROSS and OWEN, JJ., concur.