QUESTION:
May a parcel of land be voluntarily annexed into a city if such parcel is contiguous with the city only by virtue of a side of the parcel meeting one side of a highway previously annexed into the city?
SUMMARY:
A municipality should not undertake to voluntarily annex a parcel of land, pursuant to s. 171.044, F. S. (1976 Supp.), if contiguity of the municipality with the parcel to be annexed exists only through contact with a highway previously annexed by the municipality, or if such annexation would result in creation of an enclave. Use of a `strip' or `corridor,' such as a highway, as a device to gain contiguity is disapproved by a majority of jurisdictions. Contiguity of the annexing municipality with the area to be annexed is required even in the absence of a statute such as s. 171.044, supra, which requires contiguity and compactness of the area to be annexed and which prohibits the creation of enclaves.
Voluntary annexation is controlled by s. 171.044, F. S. (1976 Supp.), the procedures of which are stated to be `supplemental to any other procedure provided by general or special law, except that this procedure shall not apply to municipalities in counties with charters which provide for an exclusive method of municipal annexation.' Section 171.044(4). There are three specific requirements in s. 171.044 which must be applied to the annexation proposal in question: that the property to be annexed be compact; that the property to be annexed be contiguous to the annexing municipality; and that annexation under s. 171.044 not have the effect of creating enclaves.
In regard to compactness and contiguity, subsection (1) of s.171.044 provides:
 The owner or owners of real property in an unincorporated area of a county which is contiguous to a municipality and reasonably compact may petition the governing body of said municipality that said property be annexed to the municipality.
And in regard to the creation of enclaves, subsection (5) of s.171.044 provides that `[l]and shall not be annexed through voluntary annexation when such annexation results in the creation of enclaves.'
The compactness requirement does not appear to present a problem in regard to the annexation proposal with which you are concerned. From the information and maps furnished to me, I must conclude that the parcel in question is of a rectangular configuration with no irregularities such as might prevent it from being considered reasonably compact.
However, the requirement of contiguity of the area to be annexed with the annexing municipality and the prohibition against creation of enclaves would appear to prevent annexation of the parcel in question. In prohibiting the creation of enclaves, the Legislature neglected to define the term `enclave.' No Florida appellate decision of which I am aware has defined the term, and the only decision from any other jurisdiction I have found that defines `enclave' is City of Saginaw v. Board of Sup'rs of Saginaw County, 134 N.W.2d 378, 380 (Mich. 1965), wherein the court merely adopted the definition provided in Webster's Third New International Dictionary: `a tract of territory enclosed within foreign territory.' Another such definition is provided in the Random House Dictionary of the English Language, which defines `enclave' as `a country, or esp., an outlying portion of a country, entirely or mostly surrounded by the territory of another country.' I have applied these definitions to the instant proposal through the information and maps furnished to me and am of the opinion that the courts would probably view annexation of the parcel in question as resulting in the creation of a municipal enclave in violation of subsection (5) of s. 171.044.
It is also my opinion that use of the previously annexed highway as a device for satisfying the contiguity requirement of subsection (1) of s. 171.044 would not be viewed favorably by the courts. [I would note here that contiguity is a requirement even in the absence of a specific statutory requirement therefor. MacKinlay v. City of Stuart, 321 So.2d 620, 623 (4 D.C.A. Fla., 1975).] In AGO 071-315, I specifically considered whether a municipality could annex a state road right-of-way and thereafter use that road to satisfy the contiguity requirement of former s. 171.04, F. S., which authorized annexation by a municipality of `any unincorporated tract of land lying contiguous thereto.' I pointed out, first, that `it is difficult to conceive of any municipal benefits that could be conferred upon a strip of land that may not be used for anything except transportation purposes . . . .' I then stated the following (under the assumption, for purpose of argument, that the actual annexation of a highway would be valid) in regard to whether such a previously annexed highway could be used to establish contiguity with a parcel of land having substantial contact only with that highway:
 This question has not been passed upon by appellate courts of this state. However, the courts of other jurisdictions have done so. While there is some authority to the contrary, the great weight of authority is that contiguity existing only through a narrow `corridor,' such as a highway, running from the city to a tract of land some distance from the city is not sufficient to justify the annexation of such tract as `contiguous' or `adjacent' territory. See Ridings v. City of Owensboro, Ky. App. 1964, 383 S.W.2d 510; Watson v. Doolittle, Ohio App. 1967, 226 N.E.2d 771; In re City of Springfield, Ill. App. 1967, 228 N.E.2d 755; Clark v. Holt, 218 Ark. 504, 237 S.W.2d 483; State ex rel. Danielson v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414; People ex rel. Village of Worth v. Ihde, 23 Ill.2d 63, 177 N.E.2d 313, City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425. In Watson v. Doolittle, supra, it was noted that the *5044 courts have characterized such attempted annexations by means of connecting strips as `strip, shoestring, subterfuge, corridor, and gerrymander' annexations and have struck down such annexations as `attempts to circumvent the annexation law requiring annexed property to be adjacent and contiguous.' (Emphasis supplied.)
I reiterated the above conclusion from AGO 071-315 in AGO 074-61, stating:
 In AGO 072-282, it was ruled that a tract of land that is separated from a municipality only by a county road that runs parallel to the city limits is `contiguous' within the purview of s. 171.04, supra. That opinion applied the `common-sense rule' that `the existence of a highway or right-of-way does not prevent land from being contiguous.' People ex rel. Strong v. City of Whittier, 24 P.2d 219 (2 D.C.A. Cal. 1933). Such a minor geographical division, however, is to be distinguished from a situation in which a city attempts to annex territory that is physically separated from it by other territory and is connected to the city only by a road. In this latter circumstance — referred to as `strip' or `corridor' annexation — a city may not annex the territory involved. AGO 071-315. (Emphasis supplied.)
I have researched this issue again and have concluded that the above statements from AGO's 071-315 and 074-61 remain accurate and correct. There are still no Florida appellate decisions on this point, and the majority of decisions from other jurisdictions continues to disapprove of so-called strip or corridor annexation, such as that which appears to be contemplated by your municipality. In the minority of decisions upholding this type of annexation, the courts often make a point of stating that they are allowing the municipalities to exercise a liberal interpretation and application of their powers of annexation under their states' statutes. However, it is not likely that such an approach would be taken by the courts of this state. Rather, the approach of a Florida court would probably follow the rule expressed by the court in Town of Mangonia Park v. Homan, 118 So.2d 585, 588 (2 D.C.A. Fla., 1960): `Where the power to extend boundaries has been delegated to a municipal corporation, the power must be exercisedin strict accord with the statute conferring it.' (Emphasis supplied.) Thus, I am of the opinion that your question may be answered by repeating what I stated in AGO 071-315, that `[u]nless and until it is judicially ruled to the contrary, I have the view that this type of annexation should not be attempted by a municipality.'
In conclusion, I would offer for your consideration the following general statement on municipalities from 56 Am. Jur.2d MunicipalCorporations, Etc. s. 69, which has frequently been quoted with approval by courts of various jurisdictions. It conveys clearly the underlying concepts on which the municipality, as a unit of social and political organization, is based and provides insight into the reasoning of those courts which have repeatedly rejected annexation schemes tending to create disjointed, nonunified municipalities:
 The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants — that is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality, of compactness or contiguity, not separation or segregation. (Emphasis supplied.)
Prepared by: Jerald S. Price Assistant Attorney General