Mr. Fred S. Disselkoen, Jr. City Attorney City of Ormond Beach 120 East Granada Boulevard Post Office Box 2633 Ormond Beach, Florida 32075
Dear Mr. Disselkoen:
This is in response to your request for an opinion on substantially the following question:
 DOES s. 171.044, F.S., PERMIT THE CITY OF ORMOND BEACH TO VOLUNTARILY ANNEX A PARCEL OF PROPERTY, ONE SIDE OF WHICH IS CONTIGUOUS TO A PREVIOUSLY ANNEXED CORRIDOR, BUT WHICH IS OTHERWISE SURROUNDED BY UNINCORPORATED LAND?
Your inquiry and supplemental information provided to this office states that an applicant has requested voluntary annexation for a large tract of property, one side of which adjoins a 125-foot wide corridor of unimproved real property which runs several miles west and north from the southwest corner of the city proper and which was annexed to the city in 1962 by ordinance pursuant to s. 171.04, F.S. 1961. Although that statute was held unconstitutional in City of Auburndale v. Adams Packing Association, 171 So.2d 161
(Fla. 1965), the Legislature subsequently enacted Ch. 65-563, Laws of Florida, purporting to validate municipal annexations prior to July 1, 1964, as of the date of the annexation, with an exception not pertinent to your inquiry. Thus, the 1962 annexation of the corridor involved herein must be considered presumptively valid, and no comment is expressed thereon.
Voluntary annexation is controlled by s. 171.044, F.S.; ss.171.044(1) and (5), F.S., authorize a petition to a municipality's governing body for the voluntary annexation of real property in an unincorporated area of a county "which is contiguous to a municipality and reasonably compact" and when such annexation will not result in the creation of enclaves. In light of the provisions of s. 171.044 and in further view of the definitions provided in s. 171.031, F.S. (1984 Supp.), for "contiguous" and "compactness," you question whether the parcel of property referred to above is subject to voluntary annexation pursuant to s. 171.044, F.S., since, except for the adjoining corridor, the property "lies several miles west of the current limits of the City of Ormond Beach and is surrounded by [Volusia] County lands." Cf., County of Volusia v. City of Daytona Beach Shores, 356 So.2d 932 (1 D.C.A.Fla., 1978); AGO 80-84 (although s. 171.044[4], F.S., provides that s. 177.044 does not apply to municipalities in counties with charters which provide an exclusive method of municipal annexation, the Volusia County charter does not so specify such matters).
Section 171.031(11), F.S. (1984 Supp.), provides in pertinent part as follows:
 "Contiguous" means that a substantial part of a boundary of the territory sought to be annexed by a municipality is coterminous with a part of the boundary of the municipality. . . . However, nothing herein shall be construed to allow local rights-of-way, utility easements, railroad rights-of-way, or like entities to be annexed in a corridor fashion to gain contiguity. . . . (e.s.)
I am unable to conclude that s. 171.031(11), F.S. (1984 Supp.), operates to govern or control the disposition of your question, since the facts upon which your inquiry is based demonstrate that "a substantial part of a boundary of the territory sought to be annexed" by the City of Ormond Beach is indeed "coterminous with" the previously described corridor which must be presumed as validly annexed. Moreover, to the extent that the statute directs its construction against allowing entities such as rights-of-way, or strips of land, "to be annexed in a corridor fashion to gain contiguity" (e.s.), the statute appears to speak to future annexations and its plain meaning does not seem to apply to the presumptively valid annexation in 1962 of the corridor to which your inquiry refers. See, Ch. 75-297, Laws of Florida, amending s.171.031(11), F.S. (1974 Supp.). Compare, Ch. 74-190, Laws of Florida. The phrase, "to be," has a futuristic implication. See, Equitable Life Assur. Soc. of United States v. Davis,137 P.2d 548, 554 (Okla. 1943). Cf., State ex rel. Turner v. Hocker,18 So. 767, 769 (Fla. 1895) (use of phrase, "to be defined," in statutory title contemplates a change, or difference, from preexisting definition). In addition, the rule that a statute is presumed to operate prospectively only, in the absence of clear legislative intent to the contrary, applies with particular force where retroactive effect would impair or destroy existing rights. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983); Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (Fla. 1973).
However, in addition to requiring that the property to be annexed be contiguous, s. 171.044, F.S., in prescribing the procedure for voluntary annexation, requires that the property to be annexed be compact and that such annexation not result in the creation of enclaves. See, s. 171.031(12), F.S. (1984 Supp.), which defines "compactness" to mean a "concentration of a piece of property in a single area and precludes any action which would create enclaves, pockets, or finger areas in serpentine patterns." This office has previously defined "enclave" as "territory enclosed within foreign territory" and "an outlying portion of a country, entirely or mostly surrounded by the territory of another country," see, AGO 77-18, and as "a tract of territory enclosed within foreign territory," see, AGO 80-84, citing to dictionary definitions in both opinions. Cf., City of Saginaw v. Board of Supervisors of County of Saginaw, 134 N.W.2d 378 (Mich. 1965), also citing to such dictionary definitions. In AGO 77-18, this office addressed a factual situation virtually indistinguishable from your inquiry and concluded that the courts would probably view such voluntary annexation as resulting in the creation of an enclave, and thus prohibited by s. 171.044. In light of the above, it appears that the statutory prohibition on the creation of enclaves may prevent the annexation of the parcel in question. See also, City of Sunrise v. Broward County, Case No. 84-1715 (4 D.C.A.Fla., July 3, 1985), denying certiorari review to a trial court judgment which invalidated a voluntary annexation ordinance on the basis that such annexation resulted in the creation of enclaves of county land surrounded by incorporated land and that the annexation area was not reasonably compact. However, in the absence of a statutory definition of "enclave" for purposes of Ch. 171, F.S., any definitive determination as to whether a particular annexation results in the creation of an "enclave" must come from the courts as a result of case-by-case review. Notwithstanding the application of the statutory language, I am of the view that the remaining conclusions of AGO 77-18 are most responsive to your question. That opinion considered whether a parcel of land could be voluntarily annexed into a city if such parcel were contiguous with the city only by virtue of a side of the parcel meeting one side of a highway previously annexed into the city. The opinion concluded as follows:
 A municipality should not undertake to voluntarily annex a parcel of land, pursuant to s. 171.044, F.S. (1976 Supp.), if contiguity of the municipality with the parcel to be annexed exists only through contact with a highway previously annexed by the municipality, or if such annexation would result in creation of an enclave. Use of a "strip" or "corridor," such as a highway, as a device to gain contiguity is disapproved by a majority of jurisdictions. Contiguity of the annexing municipality with the area to be annexed is required even in the absence of a statute such as s. 171.044, supra, which requires contiguity and compactness of the area to be annexed and which prohibits the creation of enclaves.
See, MacKinlay v. City of Stuart, 321 So.2d 620 (4 D.C.A.Fla., 1975). Compare, AGO 72-282, concluding that a tract of land that is separated from a municipality only by a county road that runs parallel to the city limits is "contiguous" for purposes of voluntary annexation, with AGO's 74-61 and 71-315, distinguishing AGO 72-282 from the situation presented where a city attempts to annex territory physically separated from it and connected only by a road, since such situation falls within the disfavored "strip" or "corridor" type of annexation. While it still does not appear that there is a Florida appellate decision precisely on point, it further appears that a majority of jurisdictions continues to disapprove of "strip" or "corridor" annexations. See, cases cited in AGO 77-18; accord, Board of County Commissioners of County of Jefferson v. City and County of Denver, 543 P.2d 521 (Colo. 1975); People ex rel. Bowman v. Village of Bensenville, 381 N.E.2d 1170
(Ill.App. 1978); Big Sioux Township v. Streeter, 272 N.W.2d 924
(S.D. 1978). See generally, cases collected at 49 A.L.R.3d 589, et seq.
Accordingly, although it appears that the parcel of property proposed for voluntary annexation by the City of Ormond Beach is "contiguous" for purposes of s. 171.044, F.S., and s. 171.031(11), F.S. (1984 Supp.), the proposed annexation would appear to result in the creation of a prohibited enclave within the purview of the definition of "compactness" in s. 171.031(12), F.S. (1984 Supp.). Moreover, I am of the view that use of the previously annexed corridor as a device for satisfying the contiguity requirement would not be viewed favorably by the courts. See, AGO 77-18. Thus, a municipality should not undertake to voluntarily annex a parcel of property, one side of which is contiguous to a previously annexed corridor, but which is otherwise surrounded or enclosed by unincorporated land, since the obtainment of contiguity by such device is disfavored by the courts and such contiguity is a requirement even in the absence of a statute such as s. 171.044. MacKinlay v. City of Stuart, supra; AGO's 77-18 and 71-315.
In sum, then, and until and unless legislatively or judicially determined otherwise, I am of the opinion that the City of Ormond Beach should not undertake to voluntarily annex a parcel of property, one side of which is contiguous to a previously annexed corridor, but which is otherwise surrounded by unincorporated land.
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General